# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARIE MARAGLINO,<br><br>Plaintiff,<br><br>v.<br><br>J. ESPINOSA, et al.,<br><br>Defendants. | Case No. 1:17-cv-01535-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

Plaintiff Dorothy Grace Marie Maraglino ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to appoint counsel, filed November 17, 2017. (ECF No. 3.)

Plaintiff states that she is unable to afford counsel. Plaintiff further states that her imprisonment will greatly limit her ability to litigate, the issues in this case are complex and will require significant research and investigation, she has limited access to the law library, and limited knowledge of the law. Plaintiff argues that counsel in this case would better enable Plaintiff to present evidence and cross examine witnesses at trial. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298

(1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff complaint has not been screened, and thus the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

For the foregoing reasons, Plaintiff's motion to appoint counsel (ECF No. 3) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **November 20, 2017**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE