# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARIE MARAGLINO,<br><br>Plaintiff,<br><br>v.<br><br>J. ESPINOSA, et al.,<br><br>Defendants. | Case No. 1:17-cv-01535-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Dorothy Grace Marie Maraglino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on November 17, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff names the following defendants in their individual and official capacities: (1) J. Espinosa, Warden; and (2) C. Cooper, Associate Warden.

Plaintiff alleges that on January 31, 2017, she notified the CCWF accounting department, via a Request for Interview, that a settlement payment would be arriving from San Diego and that the payment was eligible for the restitution exemption pursuant to Title 15, Section 3097(j). Plaintiff asked the accounting department, which is overseen by Defendant Cooper, to ensure that there were no deductions. The accounting department responded, indicating that the deduction would depend on the nature of the settlement. Plaintiff notified that accounting department that it was a settlement for injuries, but she did not specify that the injuries were not physical and that destruction of property was the cause for reimbursement.

On February 6, 2017, the accounting department provided Plaintiff with a copy of Title 15, Sections 3097(h) and (j), and indicated that unless the settlement fell within policy, then restitution would be taken.

On February 23, 2017, the accounting department received a deposit to Plaintiff's trust account in the amount of $2,500.00 from the County of San Diego. The accounting department withdrew $1,250.00 and put it towards the restitution debt assigned to Plaintiff by the San Diego Superior Court. The accounting department relied on Title 15, Section 3097 to justify the deduction. The accounting department also withdrew $125.00 in administrative fees and relied Title 15, Section 3097 to justify the fee.

On March 8, 2017, Plaintiff filed an inmate appeal to dispute the removal of funds. On March 15, 2017, the appeal was rejected for use of the incorrect form.

On March 17, 2017, Plaintiff filed an Inmate Appeal Form 602 to appeal the removal of funds. Plaintiff cited that Title 15 exception clause and provided supporting documentation in the form of accounting statements and settlement papers.

On March 20, 2017, Defendant Cooper accepted the appeal at the first level of review. On March 30, 2017, Defendant Cooper denied the appeal, indicating that the deduction was not eligible for the exception under Title 15 because the payment was for reimbursement for mail, not personal property.

On April 12, 2017, Plaintiff filed for a second level review of her appeal, arguing that her mail was a controlled property item according to CCWF rules and was personal property.

On May 30, 2017, Plaintiff sent an inmate request for interview to the appeals coordinator, H. Castro, asking for a status as there had been no response at the second level.

On June 2, 2017, Mr. Castro responded that the second level review had not been received. Plaintiff was past the time constraints and could not re-file for a second level review.

On June 2, 2017, Plaintiff received the missing second level review via the prison mail. The documents were unstamped and unprocessed.

Plaintiff went to the Inmate Advisory Committee ("IAC"). The IAC representative agreed to see if there were any options. In addition, Plaintiff's family made calls to the administration on her behalf.

During the second week of August, Mr. Dunn, the office technician for the Warden and public relations officer, met with Plaintiff at the IAC's office. Mr. Dunn agreed to speak to the

3

Warden and ask if she would be willing to accept the 602 for a second level review because it had been lost in the facility's mail.

On August 10, 2017, Mr. Dunn informed Plaintiff that the Warden had agreed to conduct the second level review. On August 1, 2017, Plaintiff submitted the 602 and attachments to Mr. Dunn. Mr. Dunn walked the papers to the Appeals Coordinator's office and explained that the Warden had granted the exception.

On August 15, 2017, the appeals department stamped the documents received and assigned them to Warden Espinosa.

On September 27, 2017, Warden Espinosa denied the appeal, claiming that the settlement was an Eighth and Fourteenth Amendment case and not a reimbursement. Warden Espinosa also indicated that the settlement did not mean that San Diego accepted liability for the claim.

On October 3, 2017, Plaintiff submitted the appeal to the third level of review.

On October 30, 2017, Ms. Malone from the CDCR Ombudsman's office met with Plaintiff. Ms. Malone informed Plaintiff that her appeal had reached administrative exhaustion. She also said that the reason for the denial was that the suit resulting in settlement was based on denial of Due Process. Plaintiff explained to Ms. Malone that the Fourth Amendment claim was applicable because the mail was destroyed without notifying the Plaintiff, thereby violating her Fourth Amendment right and resulting in the settlement for destroyed mail. Plaintiff also showed Ms. Malone the court documents indicating that some of the mail content included correspondence course materials. Ms. Malone said there was nothing more that she could do. Plaintiff then let Ms. Malone know that she would pursue resolution through the courts.

Plaintiff alleges that the unreasonable seizure of the $1,375.00 from her prison trust account violated her rights guaranteed under the Fourth Amendment to the United States Constitution. Plaintiff also alleges that Title 15, Section 3097 also violates her rights against unreasonable seizures, along with the California rules of garnishment.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

**III. Discussion**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, she will be given an opportunity to amend her complaint to the extent she can do so in good faith. To assist Plaintiff, the Court provides the following pleading and legal standards.

**A. Official Capacity**

Plaintiff names defendants in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Suits for injunctive relief are also generally barred. See Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991).

Thus, Plaintiff may only proceed against any defendant for money damages in their individual capacity, but may proceed against defendants for injunctive relief in their official capacities.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff fails to link defendants to a deprivation of her rights. There is no indication from Plaintiff's allegations that either Defendant Espinosa or Defendant Cooper was responsible for the deductions from Plaintiff's trust account. Insofar as Plaintiff is attempting to bring suit against Defendants Espinosa and Cooper based on their supervisory roles, she may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has failed to link Defendants Espinosa and Cooper either by direct conduct in the alleged constitutional violation or by identifying a policy that was so deficient that the policy itself is a repudiation of the Plaintiff's rights. Instead, Plaintiff has merely identified Defendants as reviewers of her prisoner grievance after deduction of the money from her trust account based on CDCR regulations, not a CCWF prison policy. If Plaintiff amends her complaint, she must adequately link defendants to her claims.

**C. Review of Grievances**

Plaintiff appears to bring suit against Defendants Espinosa and Cooper based on their denial of her inmate appeals (grievances), including delays in responding. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative

processing or review of her prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that she was denied a particular result or that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

As indicated above, to state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of her rights, Iqbal, 556 U.S. at 677; Jones, 297 F.3d at 934, and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance or appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### D. Restitution Deductions

Although Plaintiff frames her claim as one for violation of the Fourth Amendment, it appears more properly to be a claim for violation of her property interests under the Fourteenth Amendment. However, Plaintiff cannot state a cognizable claim for relief under the Fourteenth Amendment based on restitution deductions from her inmate trust account. See Thompson v. Swarthout, No. CIV S-11-0780 GEB DAD P, 2012 WL 1682029, at *3 (E.D. Cal. May 14, 2012); see also Craft v. Ahuja, No. 10–56933, 2012 WL 688411 at *1 (9th Cir. Feb.29, 2012) (district court properly dismissed substantive and procedural due process claims based on restitution deductions from an inmate trust account); Abney v. Alameida, 334 F.Supp.2d 1221, 1231–32 (S.D.Cal.2004) (allegations regarding deductions from prisoner's trust account to satisfy restitution order whether authorized or unauthorized by state law fail to state a claim for violation of substantive and procedural due process rights). Even if the deduction was not authorized, the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 486 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994).

Additionally, California law requires CDCR to apply settlement funds to restitution obligations. Cal. Penal Code § 2085.5.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure the identified deficiencies to the extent she is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 11, 2018**      /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

8