# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARAGLINO,<br><br>    Plaintiff,<br><br>    v.<br><br>ESPINOSA, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01535-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE<br>(ECF No. 16)<br><br>ORDER VACATING JUDGMENT AND DIRECTING CLERK OF COURT TO REOPEN ACTION<br><br>ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Dorothy Grace Maraglino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 14, 2018, the assigned Magistrate Judge issued a screening order granting Plaintiff leave to file an amended complaint within thirty days. (ECF No. 10.) Following an extension, Plaintiff's first amended complaint was due on or before July 16, 2018. (ECF No. 12.) No amended complaint was filed, and the Court received no other communication from Plaintiff regarding this action. Thus, on August 8, 2018, the Magistrate Judge issued findings and recommendations recommending dismissal of this action, with prejudice, for failure to state a claim, failure to obey a Court order, and failure to prosecute. (ECF No. 13.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were

1

to be filed within fourteen (14) days after service.  (Id. at 10.)  No objections were filed, and the findings and recommendations were adopted in full on September 4, 2018.  (ECF No. 14.)  Judgment was entered accordingly the same day.  (ECF No. 15.)

On October 23, 2018, Plaintiff filed the instant motion to reopen the case and allow her to file her amended complaint.  (ECF No. 16.)  Plaintiff states that on July 13, 2018, she mailed her amended complaint.  On July 23, 2018, the letter was returned instructing Plaintiff to send the amended complaint to a new address.  Plaintiff mailed the returned envelope and amended complaint to the new address, and the documents were stamped as received by the Court on August 1, 2018.  However, the amended complaint was returned with instructions to file the documents electronically.  Plaintiff electronically filed her amended complaint on August 9, 2018.

On August 13, 2018, Plaintiff received the Magistrate Judge's findings and recommendations to dismiss this action.  The same day, the institution where Plaintiff is housed went on a facility-wide lockdown for three weeks.  Plaintiff was able to electronically file her objections on August 27, 2018, through the legal coordinator.  The legal coordinator then received a notice from the Court that only initial filings were to be filed electronically.  Plaintiff argues that all of these conflicting instructions, re-routes, rejections, and the lockdown are beyond Plaintiff's control, and she attempted to comply with the Court's orders.  Plaintiff therefore requests that the case be reopened and the Court consider her amended complaint.  Attached to the motion are a letter from the litigation coordinator from Central California Women's Facility explaining that the delay in filing was due to an administrative error that was not the error of Plaintiff, the erroneous instructions from the Clerk of the Court regarding electronic filing, and the amended complaint Plaintiff attempted to file.  (Id.)  The Court construes the motion as a motion for reconsideration.

The Court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment

on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

The Court finds good cause to grant Plaintiff reconsideration and re-open this action. Fed. R. Civ. P. 60(b). The case was ultimately dismissed because Plaintiff failed to file an amended complaint. However, Plaintiff attempted to file her amended complaint in good faith, and she was not at fault for the erroneous instructions and administrative errors that led to the delay in filing. Plaintiff should not be penalized for errors and delays that were beyond her control. Accordingly, Plaintiff's motion to reopen the case shall be granted, and the Court will re-open this action.

With respect to Plaintiff's amended complaint, the Court notes that Plaintiff attempts to incorporate by reference the entirety of her original complaint. Plaintiff has amended merely by adding to the allegations of the original filing. (ECF No. 16, p. 17.) As Plaintiff was advised in the Court's May 14, 2018 screening order, an amended complaint supersedes an original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). As such, the Court declines to accept the amended complaint attached to Plaintiff's motion, as it largely relies on references to the original pleading. Plaintiff will be permitted a further opportunity to file a proper first amended complaint, which is "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to reopen the case, (ECF No. 16), is GRANTED;
2. The Clerk of the Court is directed to VACATE the judgment entered on September 4, 2018, and re-open this action;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in its May 14, 2018 screening order, (ECF No. 10), or file a notice of voluntary dismissal pursuant to

Federal Rule of Civil Procedure 41(a)(1)(A)(i); and

4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: __**October 26, 2018**__     _____/s/ Lawrence J. O'Neill_____
                                    UNITED STATES CHIEF DISTRICT JUDGE