# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY GRACE MARIE MARAGLINO,<br><br>Plaintiff,<br><br>v.<br><br>J. ESPINOSA, et al.,<br><br>Defendants. | Case No. 1:17-cv-01535-LJO-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM FOR RELIEF**<br><br>(ECF No. 22)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Dorothy Grace Marie Maraglino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 14, 2018, the Court screened Plaintiff's complaint and granted her leave to amend within thirty (30) days. (ECF No. 10.) When Plaintiff failed to respond to the order, the Court ultimately dismissed the action based on Plaintiff's failure to state a cognizable claim, failure to obey a court order and failure to prosecute. (ECF No. 14.) On October 26, 2018, the Court granted Plaintiff's request to reopen this action and directed her to file an amended complaint. (ECF No. 17.) Following multiple extensions of time, Plaintiff's first amended complaint, filed on January 28, 2019, is currently before the Court for screening. (ECF No. 22.)

///

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff names the following defendants: (1) J. Espinoza,[1] Warden; (2) C. Cooper, Associate Warden; (3) Timothy Lockwood, Director of Policy for the California Department of Corrections and Rehabilitation ("CDCR"); (4) John Doe #1, Director of Victim's Compensation Government Claim Board; and (5) John Doe #2, Secretary of the CDCR.

---

[1] Variously spelled in the amended complaint as "Espinosa" or "Espinoza."

Plaintiff alleges that on January 31, 2018, she sent an Inmate Request for Interview (Form 22) to the CCWF accounting department, notifying the department that a settlement payment would be arriving from San Diego and that the payment was eligible for the restitution exemption pursuant to Title 15, Section 3097(j).[2] Plaintiff asked the accounting department, which was overseen by Defendant Cooper (who was employed by Defendant Espinoza, who was employed by John Doe #2), to ensure that there were no deductions. The accounting department responded on February 2, 2018, indicating that the deduction would depend on the nature of the settlement.

On February 3, 2017, Plaintiff responded to the accounting department that it was a settlement for injuries, but she did not specify that the injuries need not be physical and that destruction of property (injury in civil law) was the cause for reimbursement.[3]

On February 6, 2017, the accounting department provided Plaintiff with a copy of Title 15, Sections 3097(h) and (j), and indicated that unless the settlement fell within policy, then restitution would be taken.

On February 23, 2017, the accounting department received a deposit to Plaintiff's trust account in the amount of $2,500.00 from the County of San Diego. The accounting department withdrew $1,250.00 and put it towards the restitution debt assigned to Plaintiff by the San Diego Superior Court, which was collected by the Victim's Compensation Board directed by Defendant John Doe #2. The accounting department relied on Title 15, Section 3097 to justify the deduction. The accounting department also withdrew $125.00 in administrative fees.

On March 8, 2017, Plaintiff filed an inmate appeal to dispute the removal of funds. On March 15, 2017, the appeal was rejected for use of the incorrect form.

On March 17, 2017, Plaintiff filed an Inmate Appeal Form 602 to appeal the removal of funds. Plaintiff cited that the Title 15 exception clause and provided supporting documentation in the form of accounting statements and court settlement papers.

On March 20, 2017, Defendant Cooper accepted the appeal at the first level of review. On March 30, 2017, Defendant Cooper denied the appeal, indicating that the deduction was not

---

[2] In her original complaint, Plaintiff alleged that this event occurred on January 31, 2017.
[3] Plaintiff's dates are not chronological, and the Court presumes typographical errors.

3

eligible for the exception under Title 15 because the payment was for reimbursement for mail, not personal property.

On April 12, 2017, Plaintiff filed for a second level review of her appeal, arguing that her mail was a controlled property item according to CCWF rules and was personal property.

On May 30, 2017, Plaintiff sent an inmate request for interview to the appeals coordinator, H. Castro, asking for a status as there had been no response at the second level.

On June 2, 2017, Mr. Castro responded that the second level review had not been received. Plaintiff was past the time constraints and could not re-file for a second level review.

On June 2, 2017, Plaintiff received the missing second level review via the prison mail. The documents were unstamped and unprocessed.

Plaintiff went to the Inmate Advisory Committee ("IAC"). The IAC representative agreed to see if there were any options. In addition, Plaintiff's family made calls to the administration on her behalf.

During the second week of August, Correctional Lieutenant Dunn, Defendant Espinoza's Administrative Assistant and CCWF's Public Information Officer, met with Plaintiff at the IAC's office. Lt. Dunn agreed to speak to the Warden and ask if she would be willing to accept the 602 for a second level review because it had been lost in the facility's mail.

On August 10, 2017, Lt. Dunn informed Plaintiff that the Warden had agreed to conduct the second level review. On August 11, 2017, Plaintiff submitted the 602 and attachments to Lt. Dunn. Lt. Dunn walked the papers to the Appeals Coordinator's office and explained that the Warden had granted the exception.

On August 15, 2017, the appeals department stamped the documents received and assigned them to Defendant Espinoza for review.

On September 27, 2017, Defendant Espinoza denied the appeal, claiming that the settlement was an Eighth and Fourteenth Amendment rights case and not a reimbursement. Defendant Espinoza also indicated that the settlement did not mean that San Diego accepted liability for the claim.

On October 3, 2017, Plaintiff submitted the appeal to the third level of review.

On October 30, 2017, Sara Malone from the CDCR Ombudsman's office met with Plaintiff. Ms. Malone informed Plaintiff that her appeal had reached administrative exhaustion. She also said that the reason for the denial was that the suit resulting in settlement was based on denial of Due Process. Plaintiff explained to Ms. Malone that the Fourth Amendment claim was applicable because the mail was destroyed without notifying the Plaintiff, thereby violating her Fourth Amendment rights and making recovery of the property impossible and requiring financial reimbursement. Plaintiff also showed Ms. Malone the court documents indicating that some of the mail content included correspondence course materials. Ms. Malone said there was nothing more that she could do. Plaintiff then let Ms. Malone know that she would pursue resolution through the courts.

Plaintiff alleges that the unreasonable seizure of the $1,375.00 from her prison trust account violated her rights guaranteed under the Fourth Amendment to the United States Constitution. Plaintiff also alleges that Title 15, Section 3097 also violates her rights against unreasonable seizures, along with the California rules of garnishment.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### III. Discussion

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff fails to link any of the defendants to a deprivation of her rights. There is no indication from Plaintiff's allegations that Defendants Espinoza, Cooper, Timothy Lockwood, John Doe #1 or John Doe #2 were involved in a deprivation of her rights or the deduction of money from her trust account. Insofar as Plaintiff is attempting to sue Defendants based on their supervisory roles, she may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has failed to link the defendants to a constitutional violation either by direct conduct in the alleged constitutional violation or by identifying a policy that was so deficient that the policy itself is a repudiation of the Plaintiff's rights. Instead, Plaintiff has merely identified defendants either as reviewers of her prisoner grievance after deduction of the money from her trust account based on CDCR regulations (Defendants Espinoza and Cooper) or as supervisors of CDCR (Defendant Lockwood and John Doe #2) or a member of the Victim's Compensation Board (John Doe #1). Plaintiff has been unable to cure this deficiency.

**B. Review of Grievances**

As noted above, Plaintiff appears to bring suit against Defendants Espinoza and Cooper

based on their denial of her inmate appeals (grievances), including delays in responding. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative processing or review of her prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that she was denied a particular result or that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff has been unable to cure this deficiency.

### C. Restitution Deductions

Although Plaintiff frames her claim as one for violation of the Fourth Amendment, it appears more properly to be a claim for violation of her property interests under the Fourteenth Amendment. However, Plaintiff cannot state a cognizable claim for relief under the Fourteenth Amendment based on restitution deductions from her inmate trust account. See Thompson v. Swarthout, No. CIV S-11-0780 GEB DAD P, 2012 WL 1682029, at *3 (E.D. Cal. May 14, 2012); see also Craft v. Ahuja, 475 Fed.App'x 649, 650 (9th Cir. 2012) (district court properly dismissed substantive and procedural due process claims based on restitution deductions from an inmate trust account); Abney v. Alameida, 334 F.Supp.2d 1221, 1231–32 (S.D. Cal. 2004) (allegations regarding deductions from prisoner's trust account to satisfy restitution order whether authorized or unauthorized by state law fail to state a claim for violation of substantive and procedural due process rights). Even if the deduction was not authorized, the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 486 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994).

### D.  State Law Claims

Plaintiff also is attempting to pursue state law claims in this action. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### IV. Conclusion and Recommendation

Based on the above, IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed based on Plaintiff's failure to state a claim upon which relief may be granted; and

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 5, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE