UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DOROTHY GRACE MARIE MARAGLINO, | Case No. 1:17-cv-01535 JLT BAM (PC) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM FILING FEE |
| v. | (Doc. 38) |
| ESPINOSA, *et al.*, | |
| Defendants. | |

Dorothy Grace Marie Maraglino is a state prisoner who proceeded *in forma pauperis* in this action. The Court dismissed the case with prejudice for failure to state a cognizable claim on May 30, 2019. (Doc. 27.) After Plaintiff appealed the dismissal, the Ninth Circuit Court of Appeals affirmed the decision of the Court on March 6, 2020. (Docs. 29, 35.) Plaintiff now seeks relief from the filing fees previously ordered in this action. (Doc. 38.)

Plaintiff states that she currently has four separate cases/accounts for which the Court garnishes her prison account, including the instant action. (Doc. 38 at 1.) Plaintiff states that her debt to the Eastern District is deducted at 20% per line item, which results in greater garnishment than if all actions were consolidated. (*Id.*) For example, Plaintiff reports that she earned $110.00 from a construction job in April 2024, but only kept $10.00 after deductions for restitution and the Court's filing fees. (*Id.*) She estimates that it will take approximately 30 years to pay off her debt, though it is unclear whether this estimate includes both the filing fees and restitution. (*See*

1

*id.*)  Plaintiff requests the Court to release her debt or consolidate it to a single line item.  (*Id.*) Plaintiff attaches a copy of her inmate trust account statement dated July 30, 2024.  (*Id.* at 2)

Importantly, the CDCR's deductions from Plaintiff's inmate trust account are being made in accordance with 28 U.S.C. § 1915(b)(2) and the Supreme Court's decision in *Bruce v. Samuels*, 577 U.S. 82 (2016).  In *Bruce*, the Supreme Court held that "simultaneous, not sequential, recoupment of multiple filing fees" is required by 28 U.S.C. § 1915(b)(2).  *Bruce*, 577 U.S. at 87.  Therefore, the simultaneous deductions from Plaintiff's inmate trust account to pay multiple outstanding filing fees, as separate line items, are lawful and properly made.

Further, Plaintiff does not identify authority that would support the Court granting Plaintiff relief from the filing fee in this action simply based on her current indigency or the amount of time required to satisfy the debt.  Rather, the filing fee is statutorily required and must be collected from Plaintiff's institutional account despite the dismissal of this action.  *See, e.g.*, *Myers v. Pulido*, 2016 WL 6723937, at *1 (E.D. Cal. Nov. 14, 2016) ("The entire $350.00 filing fee for this action is statutorily required, and must be collected from Plaintiff's institutional account, regardless of the outcome of this action and even if Plaintiff elects to dismiss this action."); *see also Soares v. Paramo,* 2018 WL 5962728, at *2 (S.D. Cal. Nov. 14, 2018) (observing that "[Section ] 1915 no longer provides any authority for courts to waive full payment of the filing fee required by § 1915(b)(1), or return any portion of the filing fee …, after the civil action has been consolidated, settled, or dismissed for any reason").  Consequently, Plaintiff is not entitled to relief from the required filing fee. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for relief from the filing fee (Doc. 38) is **DENIED**.
2. This action remains closed.

IT IS SO ORDERED.

Dated:   **August 23, 2024**

UNITED STATES DISTRICT JUDGE